# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | SA-16-CR-694-XR |
| JACOB ZACHARIAH | § § § | |

## ORDER

The Defendant (and ten others) is charged in this case with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. The Government alleges that from January 2015 through October 5, 2016, the Defendant and others engaged in a conspiracy to distribute and possess with intent to distribute fifty kilograms or more of marijuana. In Count Two, the Government charges that from September 12, 2016 through October 5, 2016, the Defendant and others possessed with intent to distribute fifty kilograms or more of marijuana.

The Defendant argues that he is a resident of the State of California, that California has established a Bureau of Cannabis Control and allows Californians to receive and possess licenses to sell and manufacture marijuana. According to the Defendant: "This gives people like Mr. Zachariah the false sense that they will not be prosecuted by federal authorities and that their activities are tolerated by both the state and federal authorities."[1] The Defendant argues that his prosecution "is an enforcement of an unconstitutionally vague federal statute" and such prosecution is a violation of the Fifth Amendment's Due Process Clause.

---

[1] Motion to Dismiss Indictment, Docket No. 286 at p. 8.

**Analysis**

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

In this case the Defendant essentially concedes that the federal statutes are sufficiently definite that ordinary people understand they may not possess marijuana with intent to distribute it. Likewise, ordinary people understand they may not conspire with others to distribute and possess with intent to distribute marijuana. It appears that Defendant is arguing that there is arbitrary and discriminatory enforcement.

Defendant essentially argues that in 29 of the 50 states, persons can legally possess or use marijuana without fear of state or local enforcement. He further argues that the federal government has refused to preempt state laws in this arena, and this creates a state of affairs where a person faces no prosecution in the state courts, but faces prosecution in the federal courts, creating a violation of the Due Process Clause of the Fifth Amendment. Similar challenges have been brought in various jurisdictions throughout the United States and have been uniformly rejected. See e.g., *United States v. Canori*, 737 F.3d 181, 184–85 (2d Cir. 2013) ("Marijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized. See 21 U.S.C. § 903 (providing for preemption where 'there is a positive conflict between [a provision of the CSA] and that State law such that the two cannot consistently stand together'). That the Department of Justice has chosen to prioritize certain types of prosecutions unequivocally does not mean that some types of marijuana use are now

legal under the CSA. Rather, 'prosecutors are permitted discretion as to which crimes to charge and which sentences to seek.'"); *James v. City of Costa Mesa*, 700 F.3d 394, 405 (9th Cir. 2012) ("Local decriminalization notwithstanding, the unambiguous federal prohibitions on medical marijuana use set forth in the CSA continue to apply"); *United States v. White*, No. 12-cr-03045, 2016 WL 4473803, at *2 (W.D. Mo. Aug. 23, 2016) ("even if the [Missouri] Right to Farm Amendment did decriminalize the manufacture of marijuana …, pursuant to the Supremacy Clause of the United States Constitution, the Right to Farm Amendment would have no effect on the validity and enforceability of federal statutes such as the Controlled Substances Act ("CSA")."); *United States v. Olea*, No. CR 14-10304-DPW, 2016 WL 8730167, at *5 (D. Mass. Aug. 12, 2016) ("even assuming that he was a licensed marijuana grower, his due process argument is equally without force" because Congress has the authority to prohibit marijuana distribution); *United States v. Pickard*, 100 F. Supp. 3d 981, 1010 (E.D. Cal. 2015) (no violation of defendants' equal protection rights); *United States v. Trujillo*, No. CR-13-2109-FVS-1, 2014 WL 3697796, at *1 (E.D. Wash. July 24, 2014) (rejecting fundamental right to grow marijuana for medical purposes argument and substantive component of the Due Process Clause of the Fifth Amendment argument).[2]

In the Ninth Circuit, cases have arisen arguing the Rohrabacher-Farr amendment prohibits DOJ's expenditure of funds in connection with federal marijuana prosecutions. In those cases various defendants have complained that the Department of Justice was spending funds

---

[2] But see *United States v. Guess*, 216 F. Supp. 3d 689, 695 (E.D. Va. 2016)("Court is troubled by the unequal application of law that results from the current state of marijuana laws, which leaves criminal defendants facing imprisonment under federal law for activities that their counterparts in states that have legalized marijuana possession will not face prosecution for. Furthermore, the CSA and the accompanying uniform federal enforcement of the CSA are arguably intended to give certainty and notice to the public as to what activities are and are not legal under the CSA. However, the current state of the law—in which state law either legalizes or criminalizes marijuana; federal law criminalizes marijuana; and federal policy does not enforce the federal criminalization of marijuana depending on a defendant's geographic location—creates an untenable grey area in which such certainty and notice have effectively, if not formally, been eradicated.").

that have not been appropriated by Congress in violation of the Appropriations Clause of the Constitution.  *See United States v. McIntosh*, 833 F.3d 1163, 1179 (9th Cir. 2016).  In that opinion the Ninth Circuit concluded that a defendant must first establish at an evidentiary hearing that he or she strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana.  Although the Defendant here cites to *McIntosh*, no claim is brought here that the DOJ is congressionally prohibited from spending funds in a marijuana prosecution in a federal court in Texas.

Otherwise, Defendant fails to establish that he was in compliance with the regulatory scheme established in California pursuant to its Adult Use of Marijuana Act or Medicinal and Adult-Use Cannabis Regulation and Safety Act.  At the detention hearing in this case, testimony was presented that the Defendant was responsible for shipping marijuana from California to Florida, Illinois and Texas. Defendant has also not shown that shipping marijuana from California to other states is permitted by or in compliance with California's regulatory scheme.

Defendant has further failed to establish that he was in compliance with the medical marijuana regulations of Illinois and Florida.  To date, the State of Texas has not decriminalized marijuana possession, distribution, or sale.

**Conclusion**

Defendant fails to establish that his marijuana prosecution unconstitutionally deprives him of due process in violation of the Fifth Amendment.  In addition, he fails to establish that his prosecution under these federal statutes constitutes arbitrary and discriminatory enforcement.  The motion to dismiss the indictment is denied.

It is so ORDERED.

SIGNED this 15th day of June, 2018.

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE